FILED

2005 Aug-01  PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNON RAY PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 03-G-3097-S |
| POWELL, GOLDSTEIN, FRAZER, & | ) | |
| MURPHY, LLP | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This cause is before the court on appeal from the Order of Dismissal by the United States Bankruptcy Court for the Northern District of Alabama dismissing the plaintiff Kennon Patterson's action in that court against the defendant Powell, Goldstein, Frazer, & Murphy, LLP (Powell Goldstein).  The bankruptcy court granted the Powell Goldstein's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This court has conducted a *de novo* review of the record and finds that the decision of the Bankruptcy Court is due to be affirmed.

## Issue on Appeal

The question before the court is whether the Bankruptcy Court's dismissal of the complaint in an adversary proceeding was proper as a matter of law.

## Standard of Review

Rulings of law by the Bankruptcy Court are reviewed by this court *de novo.  In re Williams*, 216 F. 3d 1295 (11th Cir. 2000).  In considering a motion for dismissal under

Ruler 12(b)(6), the court must accept as true the facts as they are presented in the complaint.  The motion for dismissal must be denied unless the plaintiff clearly cannot prove any set of facts that would support his allegations.  *South Fla. Water Management Dist. V. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996).

<u>Facts As Alleged</u>

On March 28, 1996, Mr. Patterson was employed under contract by Community Bancshares, Inc., as President, Chief Executive Officer, and Chairman of the Board of Directors of Community Bancshares, Inc.; Chief Executive Officer and Chairman of the Board of its subsidiary, Community Bank, an Alabama banking corporation; Chairman of the Board of its subsidiary, Community Bank, a Tennessee banking corporation; and such other duties as the Board of Directors of Community Bancshares, Inc., may assign to him.  Complaint, Exhibit 1.[1]

The Alabama Banking Department issued a Cease and Desist Order on December 10, 2002, to Community Bank and its Board of Directors which directed the Board's Audit Committee to investigate direct or indirect expenditure of bank funds for bank construction activities between January 1, 1998, and December 10, 2002, from which any Bank employees, including Mr. Patterson, may have benefitted.  Record, Doc. d, Exhibit B).  The Order further directed the Bank to obtain independent counsel for purposes of this investigation.  The Audit Committee subsequently engaged the legal services of Powell Goldstein to serve in this capacity.

---

[1] "Chairman of the Board of its subsidiary, Community Bank, a Tennessee banking corporation" was subsequently removed by addendum on October 14, 1999.

According to Count Three of the Complaint, Powell Goldstein ultimately advised and recommended to the Audit Committee that Patterson's employment be terminated. Patterson alleges that this advice resulted in or contributed to his employment being terminated.  As it must, the court accepts these allegations as true for purposes of this appeal.

Issue

Did Powell Goldstein tortiously interfered with Patterson's employment contract?

Findings and Holding

Powell Goldstein did not tortiously interfere with Mr. Patterson's employment contract.  In an abundance of caution, counsel in this case have veered well into the field of summary judgments in their briefs.  The court need not and should not delve into factual findings at this juncture.  It need only look at the face of the complaint, the rules of ethics, and public policy regarding legal advocacy.

The complaint alleges Powell Goldstein committed tortious interference with contract and conspiracy to commit this unlawful interference.  In order to prove tortious interference, the plaintiff must prove: '"1) the existence of a contract or business relation; 2) the defendant's knowledge of the contract or business relation; 3) intentional interference by the defendant with the contract or business relation; 4) the absence of justification for the defendant's interference; and 5) damage to the plaintiff as a result of the interference the existence of a contract or business relation."'  *Waddell & Reed, Inc, v. United Investors Life Insurance Co.*, 875 So. 2d 1143, 1153 (Ala.2003)(quoting *Parsons v. Aaron*, 849 So. 2d 932(Ala. 2002)).

-3-

As a matter of law, a party to a contract cannot tortiously interfere with that contract.  In order to interfere with a contract, one must be a "stranger" to the contract. *Waddell & Reed, Inc, v. United Investors Life Insurance Co.*, 875 So. 2d 1143,1154 (Ala.2003).  Determining whether one is a stranger to a contract turns on many questions–for example, whether one was integral to the relationship, whether he would benefit economically from the terminated contract, and whether an inextricable interrelationship existed among the parties. The court, however, need not reach the issue of whether Powell Goldstein was a stranger to the contract between Patterson and Bancshares.

Powell Goldstein was bound by its ethical duty to "exercise independent professional judgment and render candid advice."  Rule 2.1, Alabama Rules of Professional Conduct.  As attorneys, Powell Goldstein had a duty to act in the best interest of their client and had no duty to Mr. Patterson beyond not intentionally, fraudulently, or maliciously causing him harm.  *See, Robinson v. Benton,* 8842 So. 2d 631, 635(Ala. 2002).

Allowing a third party to sue one's attorney because his attorney advised him to terminate his contract with that person would bring chaos.  Zealous advocacy would be chilled in the shadow of the constant threat of liability–bringing, as it would, almost unlimited liability exposure to the Bar.  Since its founding, our system of justice has held the attorney-client relationship in a near sacred posture and placed upon the attorney a fiduciary-like responsibility. *See, Hannon v. State*,48 Ala. App. 613 266 So. 2d 825 (Ala. Crim. App. 1972).  This duty requires "honesty, good faith, fairness, integrity and fidelity.

-4-

. . ." *Hannon v. State*,48 Ala. App. 613, 618, 266 So. 2d 825, 829 (Ala. Crim. App.

1972).  In order to live up that responsibility, attorneys must be free to render honest,

candid advice in the best interest of their clients.

Mr. Patterson argues long and hard that the motion to dismiss must be denied

because he can prove a set of facts that would support his allegations showing that

Powell Goldstein acted outside the scope of its contract with the Bank.  Mr. Patterson

was not a party to that contract, and Powell Goldstein owed him no duty arising out of it.

Even if Powell Goldstein in some way breached its contract with the Bank, Mr.

Patterson, as is sometimes said in the south, has no dog in that fight–and no basis for

legal action.  Further, it is not for Mr. Patterson to define the scope of Powell Goldstein's

responsibility to its client.[2]

According to the Complaint, in the case at bar, Powell Goldstein was retained to

aid in the investigation of possible illicit use of Bank funds by Bank employees, including

Mr. Patterson.  Powell Goldstein did so and made its recommendations to the Audit

Committee.  Action was then taken by the Audit Committee, and Mr. Patterson

ultimately was discharged.

Had Powell Goldstein failed to analyze and give frank recommendations

regarding all employees who had possibly gained illicitly from the funds being examined,

---

[2] Not even the legislative or executive branch of our state government has the
power "to enact laws which impair the attorney's ability to fulfill his ethical duties as an
officer of the Court."  *See, Dunn v. Alabama State University Board of Trustees*, 628 So.
2d 519, 529 (Ala. 1993)(case dealt with attorney-client confidentiality privilege).  The
court in *Dunn* noted that matters bearing directly on attorney-client relationship are
inherently subject to judicial oversight and control.

they would have breached their ethical duty as attorneys.  No cause of action exists on the face of this Complaint against Powell Goldstein.

An Order affirming the Order of the Bankruptcy Court and in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE and ORDERED this day, August 1, 2005.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.